**BLANKE MFG. & SUPPLY CO. v. CRAIG et al. (two cases).**

(Circuit Court of Appeals, Eighth Circuit. March 8, 1923.)

Nos. 225, 6113.

·1. **Bankruptcy ⬅440—Order confirming sale of property reviewable by petition to revise.**

An order confirming sale of bankrupt's property is reviewable by petition to revise and not by appeal.

·2. **Bankruptcy ⬅260—Sale of bankrupt's property must conform to order of sale.**

Where an order for sale of the property required the sale to be for cash and unconditional, it was error to accept or consider a bid made on behalf of the holders of secured claims, some of which were in litigation, which was conditioned that the sum bid should not exceed the amount of such claims finally allowed.

·3. **Bankruptcy ⬅262(1)—Lienholders not entitled to preference in sale of property.**

Where the trustee is ordered to sell the property of a bankrupt, the fact that he might have turned the property over to lienholders does not exempt them from the requirement that as bidders they must comply with the terms of the order of sale.

·4. **Bankruptcy ⬅260—Rules governing judicial sales apply to sales in bankruptcy.**

The general considerations governing judicial sales apply in confirmations of sales made by a trustee in bankruptcy, and they require that the sale be in conformity to the terms of the order of sale.

Petition to Revise Order of, and Appeal from, the District Court of the United States for the Western District of Arkansas; Frank A. Youmans, Judge.

---

The Blanke Manufacturing & Supply Company, a creditor, appeals from, and petitions to revise, an order of the District Court, affirming an order of the referee confirming a sale made by Jesse J. Craig, trustee in bankruptcy. Appeal dismissed, and order reversed on petition to revise.

Paul Jones, James D. Head, and Paul Jones, Jr., all of Texarkana, Ark., for petitioner and appellant.

Will Steel, of Texarkana, Ark., for respondents and appellees.

Before STONE, Circuit Judge, and TRIEBER and JOHNSON, District Judges.

STONE, Circuit Judge. [1] Both by a petition to revise and by an appeal the Blanke Manufacturing & Supply Company has brought here for review an order affirming an order of a referee in bankruptcy which confirmed a sale of the assets of the bankrupt estate. A motion to dismiss the appeal, here made, is sustained (Missouri Valley Cattle Loan Co. v. Alexander [C. C. A.] 276 Fed. 266), and the matter will be considered upon the petition to revise.

[2] The objection urged here is that the sale was not in conformity with the order of sale. The order of sale required, inter alia, that the sale be for cash, that it be an unconditional sale and that each bidder be required to deposit a certified check for $6,000 "before making his bid." It was contended in the court below and is now here contended that the sale made complied with none of the three requirements just set forth. The nature of these requirements patently reveals that each was substantial in character and that each was likely to affect the bidding and, therefore, the sale price. The sale was to the representatives of certain lien claimants whose claims (with interest) amounted to $97,095.73. No certified check was deposited by the bidders and no cash payment required or expected. The indebtedness was to offset the amount bid. The amount bid was not definite and unconditional, but was stated in the bid to be "a conditioned bid." The condition was:

"That in the event any or all of said claims is or are reduced in allowance or disallowed, then this bid shall be correspondingly reduced and in no event shall said bid cover more than the secured claims proven and allowed in the court of last resort and said bid then being for said total sum so allowed. This bid is also conditioned that it shall be increased to include any and all interest which may hereafter legally accrue on said secured claims until paid, and no rights to any or all interest due on any or all of said secured claims is waived by making this bid."

At the time of the bid, more than two-thirds of the total of $97,095.73 was represented by a claim of the Winnfield Light & Ice Company for $66,145.85. The validity of that claim was then being contested and is now before this court, in another appeal, for determination. It is argued, by respondents, that the order of sale requirements as to deposit of the bidder's check and cash payment were substantially complied with, because this bid was by secured creditors of the bankrupt estate in an amount not exceeding such claims. However that may be, there remains the very material objection that the

sale was conditional when the order of sale required it to be unconditional. The possibly vicious effect of this deviation from the order is clear. It could not be known, until final determination of the validity of the Winnfield Light & Ice Company claim, whether the price was to be something over $97,000 or less than one-third of that sum. Yet other possible bidders at the sale might be willing to bid more than such one-third but unwilling to bid $97,000. Thus bidding would be prevented and the result might be the property would be sold for less than it would have brought in a fair, open, definite competition between bidders. Again, the court might be willing to confirm a sale for $97,000 and entirely unwilling to confirm one for less than one-third of that sum.

[3, 4] Respondents attempt to meet this situation by saying that the referee did not approve the sale until after the District Court had allowed the claim of the Winnfield Light & Ice Company. That does not affect the matter at all, because that claim had not become final and is not yet final, being now before this court for determination. Respondents contend, further, that the petitioner cannot complain because the property sold is not worth the claims which it secures and the trustee could have turned it over to the lien holders. It may be that such a proceeding could have taken place but that does not cure the defects in the course actually pursued. In a sale of the property and in a turning over of the same property to lienholders, different legal and practical conditions and considerations are involved. The unsecured creditors, like this petitioner, have a right to meet the situation actually presented and, in view thereof, take such steps as they deem advisable for the protection of their interests. We cannot think of approving a vitally defective sale because by some other method the court might have placed the property in the hands of the same persons who were purchasers at the sale. The general considerations governing judicial sales apply in confirmations of sales made by the trustee (7 C. J. 237) and such require that the sale be in conformity with the terms of the order of sale (24 Cyc. 26).

The petition to revise will be sustained and the cause remanded with instructions to set aside and vacate the orders of the court and referee confirming the sale and to set aside the sale by the trustee.