PARKER v. WITTE.

LEONARD v. SAME et al.

MONTGOMERY v. SAME.

In re GORMAN–LEONARD COAL CO.

Nos. 3295–3297.

Circuit Court of Appeals, First Circuit.
June 10, 1938.

462

No. 3295 is a direct appeal by the trustee under Section 24a of the Bankruptcy Act, 11 U.S.C.A. § 47(a) from an order of the federal District Court for Massachusetts affirming an order of the Referee in Bankruptcy adjudging that the trustee had sold certain assets of the bankrupt estate to the appellee and directing him to convey the same to Witte on payment of $3,310. It is also here on an application, seasonably presented, for leave to appeal from the same order under Section 24b, 11 U.S. C.A. § 47(b).

On May 13, 1937, the trustee filed a petition with Referee Black, to whom the case had been referred, praying that he be authorized to sell certain assets of the estate (specifying them) at private sale. May 24, 1937, the Referee entered an order authorizing the trustee to sell the same at public auction or private sale. Thereafter the trustee sent a written notice to creditors and parties interested, in which he stated that he had been authorized to sell the assets at *private* sale and would offer the same for bids at 11 A. M. on Friday, June 25, 1937, at Room 805, 82 Devonshire St., Boston, Mass., specifying therein the same assets as set out in his petition to the Referee. In this notice the trustee also stated the terms and conditions upon which the assets were to be offered for sale, as follows:

"Said assets will be offered as separate items, and upon the conclusion of the bidding upon them as separate items, they will be offered for bids upon the whole as a unit. The trustee *does not* by virtue of this notice or otherwise *agree or undertake to accept the highest bid* or any bid made *for any or all of the said assets* and *expressly*

*reserves the right to refuse any and all bids,* or to withdraw any or all of said assets at any time before delivery of the same to the purchaser and receipt of the purchase price. The obligation of the trustee to complete the sale of any or all of said assets *as to which he may accept a bid or bids,* shall be contingent upon the approval of the Referee in Bankruptcy." (Italics added.)

On July 12, 1937, W. D. Richards, having been appointed appraiser of the property in question, filed his report. The first eight items listed consisted of shares of stock in various corporations, his total appraisal of which amounted to $347. The list also contained four other items. The first one was a $1,000 6% Refunding Mortgage Gold Bond of the New England Food Products Company, Inc. This he returned as of uncertain value. The second item was a demand note of Bart C. Leonard for $7,550, which he appraised at $755. The third item was a demand note of Joseph W. Gorman of $10,350, appraised at $1,035. And the fourth item was the title and interest of the bankrupt in 50 shares of the capital stock of the Terminal Coal Company, then in litigation in the Superior Court of Massachusetts. This was appraised at $5,000. The total appraisal of all the items was $7,337.

At the time and place mentioned for offering the assets for sale and pursuant to the restrictions contained in the notice to the creditors and others present, the trustee, after withdrawing the $1,000 6% Mortgage Bond of uncertain value from the list of assets to be sold, obtained offers for the first eight items aggregating $348. For the note of Bart C. Leonard for $7,550 the offer was $26. For the note of Joseph W. Gorman for $10,350, it was $130. And for the 50 shares of the Terminal Coal Company it was $750. The appellee Witte's offer or bid for all the assets, except the $1,000 bond, was $3,310. Bart C. Leonard, the appellant in No. 3296, made an offer or bid of $1,000 for all the assets except the 50 shares of the Terminal Coal Company and the $1,000 bond that had been withdrawn, and stated that later he would make a substantial offer for the 50 shares of the Terminal Coal Company.

The trustee having declined to accept the Witte bid of $3,310, Mr. Witte, on July 12, 1937, filed with the Referee a petition wherein he set out that he had made a bid of $3,310 for all the assets except the $1,-000 bond which was not offered for sale; that he was the highest bidder, and prayed "that the trustee be ordered *to accept* said bid and to consummate said sale by delivery of all of said assets except said bond." He also set out that "your petitioner has asked the trustee to petition the court for confirmation of said sale" but "said trustee refuses to make such application or to consummate the sale."

Also on July 12, 1937, the trustee filed with the Referee a report and petition to confirm a sale of some of the assets, in which he set out that "pursuant to restrictions and in accordance with the notice * * * which was mailed to creditors and all offerors present," he received the offers above specified; that the offers received for the note of Bart C. Leonard and the note of Joseph W. Gorman were grossly inadequate; that on July 1, 1937, a decree was entered by the Superior Court of Massachusetts as to the interest of the trustee in the 50 shares of the Terminal Coal Company's stock; that on July 2, 1937, he received an offer in the sum of $4,000 for all the assets except the excluded bond, and an offer of $3,000 for the interest of the trustee in the 50 shares of the Terminal Coal Company's stock alone; that "in accordance with the reservations contained in the notice (Exhibit A), at no time did he 'knock down,' accept any bid or offer, or complete a sale of any or all of said items, but expressly informed all persons present that he would consider the offers made and report thereon." After further setting forth that the assets had been appraised by Mr. Richards and the appraised value of each asset, the trustee stated that all the offers made, specifying them, including Mr. Witte's offer, were, in his opinion, grossly inadequate and should be rejected, excepting the amounts offered for the first eight items, totaling $348. And he prayed that the Referee would confirm the sale of the first eight items, the offers for which totaled $348.

The Referee denied the petition of the trustee to confirm the sale of the first eight items, and entered the following order on the petition of Mr. Witte:

"After hearing upon the petition of Martin Witte to order Haven Parker, trustee of said estate, to accept his bid for the assets enumerated in the list attached to said petition and to require said trustee to consummate the sale of said assets it is ordered, adjudged and decreed:

"1. That said assets were duly sold to said petitioner for the sum of thirty-three hundred ten dollars ($3310).

"2. That said sale be and it hereby is confirmed.

"3. That said trustee be and he hereby is ordered to transfer and deliver said assets to said petitioner with such written instruments, to be executed by said trustee, as may be necessary to effectually transfer his interests therein to the petitioner, upon the payment by the petitioner of the sum of thirty-three hundred ten dollars ($3310) either in cash or by certified check as he may elect.

"4. That the petitioner be and he hereby is granted leave to apply to the court for such further or other orders as may be required to effectuate the objects of this order."

Thereafter, on July 19, 1937, the trustee filed a petition for a review of the Referee's orders wherein, after setting out the facts above outlined in regard to the orders, he alleged that they were erroneous in view of the reservations in the notice, because he had never accepted the offer of Witte for all the assets and there had been no sale. And he prayed: (1) That the order entered upon his petition be reversed and that his petition seeking confirmation be allowed, and (2) that the order entered upon the petition of Witte be reversed and the petition dismissed. The Referee filed his certificate on review and, on October 14, 1937, the District Court affirmed the order of the Referee. It is from this order of the District Court that the direct appeal and the petition for leave to appeal are prosecuted.

In Nos. 3296 and 3297 Leonard and Montgomery filed petitions for review of the orders of the Referee, as creditors of the bankrupt estate. Leonard also set himself up as high bidder for all of the assets on his bid or offer of $4,000 made by him on July 2, 1937, for all the assets except the withdrawn bond. These creditors also took direct appeals in the District Court from its order confirming the orders of the Referee and likewise seasonably presented petitions to this court for leave to appeal.

John C. Coughlin, of Boston, Mass. (John VdeP. Phelan, and Parkman, Robbins, Coughlin & Hannan, all of Boston, Mass., on the brief), for Haven Parker, Trustee.

John M. Raymond, of Boston, Mass. (Frederic W. Hibbard, of Boston, Mass., on the brief), for Leonard and Montgomery.

Martin Witte, of Boston, Mass., pro se.

Before BINGHAM, WILSON, and MORTON, Circuit Judges.

BINGHAM, Circuit Judge.

As the petition of the trustee for leave to appeal in No. 3295 was seasonably presented, we think it should be allowed. The order of the District Court affirming the orders of the Referee was a step or proceeding in bankruptcy and not a controversy in bankruptcy, as it only adjudged that the assets were duly sold to Witte for the sum of $3,310 and that the sale be confirmed. Blanke Mfg. & Supply Co. v. Craig, 8 Cir., 287 F. 345. Viewed in this light the direct appeal from the District Court is dismissed.

The principal question in this case is whether, on the facts presented, the order of the Referee adjudging that the assets were duly sold to Witte for his offer of $3,310 was correct as a matter of law. It clearly appears from the record in this case, as disclosed by the notice of sale, the petition and report of the trustee, and the petition of Witte, that the trustee never accepted but rejected the bid of Witte. The trustee specifically states in his report and petition to confirm a partial sale of the assets that "at no time did he 'knock down' or accept any bid or offer or complete a sale of any or all of said items, but expressly informed all persons present that he would consider the offers made and report thereon." This statement is not denied but admitted by Witte, for, in his petition to the Referee, he specifically prays that "the trustee be ordered to accept said bid and consummate said sale by delivery of all the assets except said bond," he having refused to do so.

The question is whether it can be said, as a matter of law, that in view of the non-acceptance and rejection of Witte's bid the assets were duly sold to him. It is elementary that, in the absence of the acceptance of an offer, no sale can arise. Witte knew at the time he filed his petition with the Referee that his offer or bid had not been accepted but rejected, otherwise he would not have prayed that the trustee be ordered to accept it. The Referee, how-

ever, seemed to think that the trustee was not justified in "his rejection of Witte's bid," even though the notice of the sale contained the conditions and reservations above set out; that the trustee inserted the conditions and reservations in his notice of sale without right; and that "the man who bids the high dollar gets the stuff," at an auction or sale authorized by him. On this subject he said:

"I want bidders who are invited to my auctions to know that in the absence of fraud or collusion the man who bids the high dollar gets the stuff. I want them to know that after a fair competition the winner can get what he bought, regardless of the disappointment of other buyers or of the seller [the trustee]. * * * No final bid has ever been rejected when the sale was properly advertised, and fairly held. We advertise to sell to the highest bidder, subject to confirmation by the referee. * * * Mere inadequacy of price is never a ground for rejection."

The difficulty with this position of the Referee is that his order authorizing the sale did not restrict the trustee to any particular terms of sale or require him to accept the high bid, whether he regarded it as satisfactory or grossly inadequate, and we think it would have been a strange thing if the order had contained such a limitation or restriction. The fact, however, remains that no limitation or restriction of any kind was imposed in the order authorizing the sale, and the trustee, in the exercise of his best judgment, was at liberty to include in the notice of sale the provision that "the trustee does not by virtue of this notice or otherwise agree or undertake to accept the highest bid or any bid made for any or all the assets and expressly reserves the right to refuse any or all bids, or to withdraw any or all of said assets at any time before delivery of the same to the purchaser and receipt of the purchase price." This statement was made known to Mr. Witte as well as to every bidder or offeror at the sale and there could have been no misunderstanding in regard to it. To disregard such restrictions in a notice of sale, and hold, as the Referee did, that the high dollar takes the stuff, could only result in giving Mr. Witte something that he did not buy and had no right to think he had bought and something that the trustee knew he had not sold, especially when, as here, he did not accept but rejected the bid as wholly inadequate.

Further the Referee seems to think that the reservation in the notice of sale "presents no difficulty" and "boils down to the usual condition that all sales are subject to confirmation by the Referee." But this clearly is not so. The right to reject any and all bids was expressly reserved and the bid of Witte was rejected, not accepted.

In Nos. 3296 and 3297, the direct appeals are dismissed as improperly allowed, and the petitions for leave to appeal are denied, as the interests of creditors are fully protected on the petition of the trustee. No costs to either party.

In No. 3295, the petition for leave to appeal is sustained, the orders of the District Court and the Referee decreeing a sale to Witte are vacated, and the case is remanded to that court with directions to order a new sale of all the assets, with costs in this court to the appellant.